UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE PETERS, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No: |
| v. | ) | |
| | ) | |
| STEVEN ANDREW WYNHOFF, an individual, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

JOANNE PETERS ("Peters") complains against STEVEN ANDREW WYNHOFF ("Wynhoff"), as follows:

### JURISDICTION AND VENUE

1. This is an action arising under the common law of Illinois.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.

3. The Court has specific personal jurisdiction over Wynhoff because Peters's claims are based on Wynhoff's tortious pattern of conduct that purposely targeted the assets of Peters, a resident of this District.

4. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Peters's claim occurred, and a substantial part of the property that is the subject of the action is or was located, in this District. At all relevant times, Peters has been a resident of this District and a citizen of Illinois, and the entirety of the harm has been experienced in this District.

1

**PARTIES**

5. Peters is a resident of Chicago, Cook County, Illinois. At the time of the events described in this Complaint, Peters was a resident of Northfield, Cook County, Illinois.

6. On information and belief, Wynhoff is a resident of Blue Springs, Jackson County, Missouri.

**FACTS**

7. Peters is an investor in various cryptocurrencies.

8. A cryptocurrency is a digital or virtual currency that is secured by cryptography and designed to make it very difficult to counterfeit or double-spend. Many cryptocurrencies are recorded on decentralized networks based on blockchain technology—a distributed ledger enforced by a disparate network of computers. A defining feature of cryptocurrencies is that they are generally not issued by any central authority.

9. In 2015, Peters held Bitcoin (BTC) and Litecoin (LTC) on a cryptocurrency exchange called BTC-e.

10. Bitcoin was the first blockchain-based cryptocurrency, invented in 2008. It remains the most popular cryptocurrency and the one with the greatest overall market capitalization. To trade in bitcoins, a trader must establish a digital "wallet." A digital or Bitcoin wallet is not a physical item, but is a software program used for holding, trading, and transferring bitcoins.

11. Litecoin is a cryptocurrency that has been in existence since 2011 and is similar to Bitcoin in technical details. Litecoin is also held in digital wallets.

12. Sometime before August 23, 2015, a hacker obtained access into Peters's e-mail account. Based on the information found in Peters's email account, this hacker was able to access Peters's BTC-e account without authorization.

13. Over the course of five days, from August 23, 2015, to August 27, 2015, the hacker intentionally stole, through a series of ten transactions, 440.28 BTC and 19,970 LTC from Peters's account by illicitly transferring the cryptocurrencies into wallets the hacker controlled. After these transactions were completed, almost nothing remained in Peters's account. The details of these transactions are as follows:

| Date | LTC | BTC | Receiving Wallet Address |
|---|---|---|---|
| 8/23/2015 | 300 | | LiGmoA9uqyr75u65DjbcdquExocYAce57 |
| 8/23/2015 | 4691 | | LiGmoA9uqyr75u65DjbcdquExocYAce57 |
| 8/23/2015 | | 100 | 13SGF2y4gQDSCYPpNHabEzurUPSC5Z8b7r |
| 8/24/2015 | | 100 | 1KFuUbwcwmGufHgvP6cgyBBpFtHWvDmHkm |
| 8/24/2015 | 4990 | | LiGmoA9uqyr75u65DjbcdquExocYAce57 |
| 8/25/2015 | | 100 | 1Dy6sBEmuqGtHuo3GF9cdSX6hzhB6wZLp |
| 8/25/2015 | 4990 | | LiGmoA9uqyr75u65DjbcdquExocYAce57 |
| 8/26/2015 | | 100 | 13SGF2y4gQDSCYPpNHabEzurUPSC5Z8b7r |
| 8/26/2015 | 4999 | | LiGmoA9uqyr75u65DjbcdquExocYAce57 |
| 8/27/2015 | | 40.28 | 13SGF2y4gQDSCYPpNHabEzurUPSC5Z8b7r |
| | | | |
| Total: | 19970 | 440.28 | |

14. The hacker continued to access Peters's account through approximately August 29, 2020.

15. On approximately October 17, 2015, Peters became aware that she could not access her online account in which her BTC and LTC were held, and she began to take steps to reset her password and restore her access.

16. On October 31, 2015, Peters contacted BTC-e, the cryptocurrency trading platform on which her coins were stored and traded, to inquire as to why her account was inaccessible.

17. On approximately November 4, 2015, through information obtained from BTC-e, Peters first discovered the theft of her coins, which had taken place from August 23, 2015, to August 27, 2015.

18. In August 2015, when Peters's coins were stolen, they were worth approximately $159,200. BTC was trading at approximately $226 per coin, and LTC was trading at approximately $2.99 per coin.

19. Currently, the coins are worth over $6,000,000. BTC is currently trading at approximately $11,500 per coin, and LTC is trading at approximately $59 per coin.

20. On November 5, 2015, Peters filed a police report with the Northfield Police Department.

21. On November 10, 2015, Peters filed a complaint with the Internet Crime Complaint Center relating to the theft of her coins.

22. Throughout 2016 and 2017, the Federal Bureau of Investigation ("FBI") investigated the theft of Peters's coins but did not identify a suspect.

23. In January 2018, the Office of the United States Attorney for the Northern District of Illinois began to take an active role in investigating the theft of Peters's coins with assistance from the FBI. The U.S. Attorney's Office later identified a suspect in this case.

24. Prior to August 2020, despite her best efforts, Peters was not able to identify the person responsible for illicitly accessing her email account and stealing her property.

25. On information and belief, upon learning that the federal government was investigating him as a suspect in the theft of Peters's cryptocurrency, Wynhoff transferred cryptocurrencies to new wallets in order to avoid detection and conceal his wrongdoing.

26. On approximately August 18, 2020, the U.S. Attorney's Office, which had been conducting a years-long investigation into the matter, informed counsel for Peters that it would close its investigation without filing charges. On August 20, 2020, the U.S. Attorney's Office informed counsel for Peters that Wynhoff had been identified as a person whose wallets at BTC-e received Peters's BTC and LTC in August 2015.

27. Until this information was provided, Peters had no information or ability to obtain information concerning the identity or location of the perpetrator.

28. On information and belief, Wynhoff evaded Peters's detection by concealing his identity through the use of anonymous "handles" and accounts.

29. On information and belief, Wynhoff has used the following online aliases: Savaged, Lulz Savaged, Nitrous, NitrousSavaged, Lultz, Clerk, LultzClerk, Clerk1337, Zoo Fear, Thyclerk, NullTheGod, TheAcidLab, Savaged.exe, Notclerk, isavaged, and Nullage.

30. Wynhoff has been linked in press reports to the Lulz Savaged name and to various hacking activities. For example, an article located at https://gizmodo.com/the-bizarre-story-behind-last-nights-massive-craigslist-1662742826 refers to Wynhoff's possible involvement in the 2014 hack of the Craigslist website and data.

31. Wynhoff has also been identified as "Savaged" in various online forums, including the Facebook discussion located at:

https://www.facebook.com/rogerkver/posts/10152072000675737.

32. Wynhoff/Savaged is not shy about publicizing his exploits online. In fact, Wynhoff/Savaged has bragged in several Internet forums and interviews about his hacking exploits. Wynhoff/Savaged has also posted screen shots on the Internet showing that he has accessed other people's e-mail and BTC-e accounts.

## COUNT I – COMMON LAW CONVERSION

33. Peters hereby re-alleges Paragraphs 1 through 32 as though fully set forth herein.

34. Peters is the owner of 440.28 BTC and 19,970 LTC and, at all relevant times, has had the full right to own, control, and possess those coins.

35. Peters has an absolute and unconditional right to the immediate possession of the property.

36. At no point did Wynhoff have authorization to access Peters's accounts containing her cryptocurrency or any right to possess, control, transfer, or assign those coins.

37. All actions by Wynhoff in connection with Peters's coins, including his theft thereof, were conducted through Wynhoff's fraudulent access to Peters's accounts.

38. Through his theft and transfer of Peters's BTC and LTC coins to wallets which he controlled and to which Peters has and had no access, Wynhoff wrongfully and without authorization assumed control and dominion over the property.

39. As a consequence of Wynhoff's actions, Peters was deprived of her ability to benefit from the cryptocurrency that was converted.

40. On August 23, 2020, Peters demanded from Wynhoff the full return of her property.

WHEREFORE, Peters seeks entry of relief as follows:

A. Damages in an amount in excess of $6,000,000, the approximate current value of the converted cryptocurrency, with the exact amount to be determined according to proof at trial;

B. In the alternative, an Order requiring Wynhoff and/or any relevant third parties to take all necessary actions to restore Peters's property, which has been detained by Wynhoff, to Peters; and

C. Such other and further relief as the Court deems proper.

**Jury Demand**

Peters demands a jury trial on all the issues so triable.

August 23, 2020                    BY: JOANNE PETERS

                                              Her counsel:

                                              /s/ Zachary J. Ziliak
Zachary J. Ziliak, #6291134
James E. Griffith, #6269854
Ziliak Law, LLC
141 West Jackson Boulevard
Suite 4048
Chicago, IL 60604
Phone: 312-462-3350
docket@ziliak.com
zachary@ziliak.com
jgriffith@ziliak.com