IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOANNE PETERS,<br><br>      Plaintiff,<br><br>v.<br><br>STEVEN ANDREW WYNHOFF,<br><br>      Defendant. | Case No. 1:20-cv-04949<br><br>Hon. Charles R. Norgle |

## ORDER

The complaint [1] is dismissed because Plaintiff fails to properly plead jurisdiction. Plaintiff is granted leave to file an amended complaint to cure jurisdictional issues, and must file the amended complaint on or before June 23, 2021.

## STATEMENT

      A federal district court must jealously guard its limited jurisdiction and act sua sponte as needed to defend it. Haas v. Wisconsin, 241 F. Supp. 2d 922, 924–25 (E.D. Wis. 2003) ("federal courts are required to jealously guard their own jurisdiction."); State Oil Co. v. Khan, 839 F. Supp. 543, 545 (N.D. Ill. 1993). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986). If federal jurisdiction is not properly alleged, the Court is required to dismiss the case. Pittsburgh Nat. Bank v. Cleary, No. 86 C 1558, 1986 WL 3312, at *1 (N.D. Ill. Mar. 12, 1986) ("Because Bank's Complaint does not establish the complete diversity of citizenship necessary for federal jurisdiction, this Court is required to dismiss the Complaint sua sponte.").

      This case was brought by Joanne Peters purportedly under diversity jurisdiction, alleging in the complaint that the "amount in controversy exceeds $75,000 and the dispute is between citizens of different states." Compl. ¶ 2. Plaintiff properly pleads that she is "a citizen of Illinois," but only alleges that "[o]n information and belief, Wynhoff is a resident of Blue Springs, Jackson County, Missouri." Compl. ¶¶ 4, 6.

      Defendant's residency is not sufficient to establish federal jurisdiction. When a case is before a court based on diversity jurisdiction, failure to plead the citizenship—not the residency—of all parties will result in dismissal for want of jurisdiction. Meyerson v. Harrah's E. Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."); see also Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012) (an allegation of "residence" is deficient). "[T]he existence of diversity jurisdiction cannot be determined without knowledge of every

defendant's place of citizenship." Howell v. Tribune Entm't Co., 106 F.3d 215, 218 (7th Cir. 1997). The citizenship of an individual is determined by his domicile, which is established by his residence in addition to an intent to remain. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989); Myrick v. WellPoint, Inc., 764 F.3d 662, 664 (7th Cir. 2014) ("Citizenship means domicile (the person's long term plan for a state of habitation) rather than just current residence."); Heinen, 671 F.3d at 670 ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run.").

Moreover, federal subject matter jurisdiction cannot be established by allegations based on "knowledge and belief." Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992). "It is extremely well settled in this Circuit that jurisdictional allegations must be made on personal knowledge, and jurisdictional allegations made on information and belief are insufficient to invoke the diversity jurisdiction of a federal court." Leggitt v. Wal-Mart Stores, Inc., 2010 WL 1416833, at *3 (S.D. Ill. Apr. 5, 2010) (collecting cases); Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC, 893 F.3d 454, 458 (7th Cir. 2018); Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993) ("Any doubt regarding jurisdiction should be resolved in favor of the states."); Tuholski v. Delavan Rescue Squad, Inc., No. 13-1093, 2013 WL 4052611, at *2 (N.D. Ill. Aug. 12, 2013) ("an allegation based upon 'information and belief' is insufficient to establish diversity of citizenship jurisdiction.") (quoting Chambers v. Medtronic, Inc., 2008 WL 3889865, at *1 (S.D. Ill. Aug. 20, 2008)).

Without the proper allegations, this Court cannot determine whether federal jurisdiction exists. As a result, this Court does not and cannot reach the other issues raised, and the complaint is dismissed without prejudice. Plaintiff is granted leave to refile the complaint to cure the jurisdictional issues, if possible, on or before June 23, 2021.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: May 25, 2021